**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ARMANDO DIAZ-CORVERA, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-72766 BIA No. A098-270-048 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:     CANBY, IKUTA, and WATFORD, Circuit Judges.

Oscar Armando Diaz-Corvera, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

The record does not compel the conclusion that Diaz-Corvera has shown extraordinary circumstances to excuse the untimely filing of his asylum application, where he testified that he knew about the filing deadline and chose not to file because he feared being removed if his asylum claim was denied. *See* 8 C.F.R § 1208.4(a)(5). Accordingly, Diaz-Corvera's asylum claim fails. We reject Diaz-Corvera's contention that the BIA's refusal to consider changed circumstances deprived him of due process, because the BIA considered and rejected his changed circumstances argument. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error to establish a due process violation).

Substantial evidence supports the BIA's denial of withholding of removal because Diaz-Corvera failed to establish that the government was unable or unwilling to control the individuals who threatened him. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005). Because he has not shown past persecution, Diaz- Corvera's contention that he is entitled to a presumption of future persecution fails. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Further, substantial evidence supports the agency's finding that Diaz-

Corvera failed to demonstrate it is more likely than not he will be persecuted if he returns to El Salvador, because the people who threatened him have not inquired about his whereabouts since 2006, and country conditions evidence shows that political violence in El Salvador is sporadic. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (evidence of changed country conditions mitigates against fear of future persecution upon return). Accordingly, Diaz-Corvera's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**